OPINION
Defendant-appellant, Danny K. Carpenter, appeals the decision of the Warren County Court of Common Pleas adjudicating him to be a sexual predator.
On January 28, 1997, appellant pled guilty to attempted rape, in violation of R.C. 2907.02(A)(1), a second degree felony, sexual battery, in violation of R.C. 2907.03(A)(5), a third degree felony, and attempted sexual battery, in violation of R.C.2907.03(A)(5) and 2923.02(A), a fourth degree felony. Appellant's offenses involved his two daughters. On February 28, 1997, appellant was sentenced to serve a four-year term of imprisonment for attempted rape and a one year term of imprisonment for sexual battery, to be served concurrently. He was sentenced to serve a six-month term of imprisonment for attempted sexual battery, to be served consecutively to the other two sentences. A sexual predator adjudicatory hearing was not held at the time of sentencing.
On January 15, 1999, appellant filed a motion for judicial release. In his motion, appellant indicated that the state had agreed to judicial release on two conditions: (1) that appellant be placed in a sex offender residential facility, and (2) that a sexual predator adjudicatory hearing be held. A sexual predator adjudicatory hearing was subsequently scheduled. On February 22, 1999, appellant filed a motion to dismiss the sexual predator hearing, arguing that R.C. Chapter 2950 was unconstitutional. On February 22, 1999, the sexual predator hearing was held in the trial court. The prosecutor presented a statement of appellant's offenses, and appellant and two of his brothers testified.
On February 25, 1999, the trial court filed a sentencing addendum finding appellant to be a sexual predator. The trial court initially noted that the hearing should have been held contemporaneously with the original sentencing hearing. The trial court then made its decision finding that the state had presented clear and convincing evidence that appellant is a sexual predator. On February 26, 1999, after he had been declared a sexual predator, appellant filed a motion to dismiss, without prejudice, his motion for judicial release, which was granted. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE COURT LACKED JURISDICTION TO ADJUDICATE APPELLANT AS A SEXUAL PREDATOR BECAUSE THE HEARING WAS NOT HELD CONTEMPORANEOUSLY WITH THE SENTENCING HEARING AND THE RECORD DOES NOT REFLECT A WAIVER OF THE APPELLANT.
 In his first assignment of error, appellant contends that the trial court could not adjudicate him a sexual predator because the sexual predator adjudicatory hearing was not held prior to or with the sentencing hearing as mandated by R.C. 2950.09(B).
Appellant's sexual predator hearing was not held until February 22, 1999, two years after he was sentenced. Pursuant to R.C. 2950.09(B)(1), sexual predator hearings concerning offenders who are sentenced on or after the statute's effective date must be held "prior to sentencing," or "if the sexually oriented offense is a felony, [the trial court] may conduct it as part of the sentencing hearing." Because the sexual predator hearing in the instant case was delayed, appellant argues that the trial court lacked jurisdiction to hold the hearing, absent a waiver by appellant.
In State v. Bellman (1999), 86 Ohio St.3d 208, the Supreme Court of Ohio held that R.C. 2950.09(B)(1) was directory, not mandatory, in nature. Id. at 210-211. Thus, failure to hold the sexual predator hearing in conformance with R.C. 2950.09(B)(1) does not necessarily divest the trial court of jurisdiction. Id. at 210. In Bellman, the Supreme Court held that an offender may waive the time mandates of R.C. 2950.09(B)(1). Id. at paragraph one of the syllabus.
In the instant case, appellant's sexual predator hearing was held as a condition for his judicial release. As is clear on the face of appellant's motion for judicial release, appellant agreed to the holding of the sexual predator adjudicatory hearing. At no time did appellant raise before the trial court the alleged failure to conform with the timing requirements of R.C.2950.09(B)(1). When appellant agreed to holding a sexual predator hearing, he waived the time mandates of R.C. 2950.09(B)(1).Bellman at syllabus. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE DECISION OF THE TRIAL COURT IS NOT SUPPORTED BY AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 In his second assignment of error, appellant contends that the trial court's decision to adjudicate him a sexual predator was against the manifest weight of the evidence presented at the hearing.
A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386-87, rehearing/reconsideration denied, 79 Ohio St.3d 1451. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record."Id. at 387; Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211, 2218. In taking on this role,
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new [proceeding] ordered.
 State v. Martin (1983), 20 Ohio App.3d 172, 175. In sum, when examining the record, the appellate court determines whether the appellant has met his or her burden of persuasion. See Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring).
Where a judgment is supported by competent, credible evidence going to all essential elements to be proven, the judgment will not be reversed as being against the manifest weight of the evidence. C. E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. In its inquiry, the reviewing court presumes that the trial court's findings of fact were correct. SeasonsCoal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80. If the evidence is susceptible to more than one construction, the reviewing court must give the evidence an interpretation consistent with the trial court's judgment and most favorable to sustaining the judgment. Id. at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d (178), 191-192, Appellate Review, Section 603.
R.C. 2950.09(C)(2) specifically provides that a determination of whether an offender is a sexual predator must be supported by clear and convincing evidence. Therefore, we review the record to determine whether, after both parties have presented their cases, there remains clear and convincing evidence to support appellant's contention that appellee is a sexual predator. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. Therefore, clear and convincing evidence will be found, as a matter of law, where the record does not demonstrate that there is a sufficient conflict in the evidence presented. Id. at 479.
In making its decision whether an offender is a sexual predator, the trial court is guided by the factors listed in R.C.2950.09(B)(2). R.C. 2950.09(B)(2) states:
 In making a determination under divisions (B)-(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 In the instant case, appellant and his brothers testified before the trial court. Appellant explained that while in prison he sought to overcome his pedophiliac tendencies through therapy and counseling. Both of his brothers testified that appellant's family has sought to forgive him for his conduct. The brothers testified that the family is supportive of appellant and believes that he can control his behavior.
The state presented evidence that appellant was the father of his two victims, both of whom were minors when he sexually abused them. R.C. 2950.09(B)(2)(a), (c), and (d). Appellant admitted to his conduct before the trial court. Appellant consistently molested his older daughter for three years, until she was sixteen years old. He then began to molest his younger daughter. R.C.2950.09(B)(2)(h). The first times that appellant raped his younger daughter, he used pills to subdue her and make her less resistant to his abuse. R.C. 2950.09(B)(2)(e).
The trial court was also presented with a psychiatric evaluation of appellant. Appellant was diagnosed as a regressed pedophile with insecure and immature tendencies. He was found to develop psychosomatic symptoms to stress which would have to be addressed before he could adequately overcome his pedophilia. The report concluded that appellant presented only a low risk of recidivism. Nonetheless, appellant admitted that even if he poses a low risk of recidivism in general, he does pose a risk of harm to his own children. R.C. 2950.09(B)(2)(j).
The weight of the evidence fully supported the trial court's decision to adjudicate appellant a sexual predator. Appellant's second assignment of error is overruled.
POWELL, P.J., and WALSH, J., concur.
 JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Stephen W. Powell, Presiding Judge
William W. Young, Judge
James E. Walsh, Judge