[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 208.]

THE STATE OF OHIO, APPELLANT, *v.* BELLMAN, APPELLEE.

[Cite as *State v. Bellman*, 1999-Ohio-95.]

*Criminal procedure—Classification as a sexual predator—Defendant may waive R.C. 2950.09(B)(1) requirement that a sexual predator hearing precede sentencing—Defendant cannot be required to register as a sexual predator under R.C. 2950.04, when.*

1.  A defendant may waive the R.C. 2950.09(B)(1) requirement that a sexual predator hearing precede sentencing.

2.  Where a defendant was both sentenced for a sexually oriented offense and released prior to July 1, 1997, and was not previously required to register under R.C. Chapter 2950, that defendant cannot be required to register under R.C. 2950.04.

(No. 98-651—Submitted April 20, 1999—Decided August 25, 1999.)

APPEAL from the Court of Appeals for Hamilton County, No. C-970169.

———————————

{¶ 1} Robert Bellman, Jr. was found guilty of offenses qualifying him for review as a sexual predator. At his February 1997 sentencing, the parties and the trial court agreed to delay Bellman's sexual predator hearing until the following month. When the sexual predator hearing was held, as agreed, the trial court adjudicated Bellman a sexual predator and notified him of his future, ongoing duty to register with the county sheriff. Thereafter, Bellman was released from jail prior to the July 1, 1997 effective date of R.C. 2950.04.

{¶ 2} Bellman appealed the sexual predator adjudication arguing, *inter alia*, that he was not required to register as a sexual predator because he did not fit within any of the statutory classes of persons required to do so. The First District Court of Appeals agreed. The court also *sua sponte* determined that the trial court lost

authority to adjudicate Bellman a sexual predator because it failed to hold the sexual predator hearing prior to sentencing. The court of appeals vacated the order of the trial court adjudicating Bellman a sexual predator and requiring him to register with the sheriff.

{¶ 3} The cause is now before this court pursuant to the allowance of a discretionary appeal.

———————————

*Michael K. Allen*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for appellant.

*Sirkin, Pinales, Mezibov & Schwartz*, *Martin S. Pinales* and *John Feldmeier*, for appellee.

———————————

**COOK, J.**

{¶ 4} We decide here that the statutory requirement regarding the timing of the sexual predator hearing is not jurisdictional and a defendant may waive it. We also decide that a defendant who was sentenced for a sexually oriented offense, released prior to July 1, 1997, and not previously required to register under R.C. Chapter 2950, cannot be required to register as a sexual predator under R.C. 2950.04.

I. Sexual Predator Hearing

{¶ 5} R.C. 2950.09(B)(1), part of Ohio's sexual predator law, provides: "The judge shall conduct the [sexual predator] hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing * * *." R.C. 2950.09(B)(1).

{¶ 6} On the day of Bellman's sentencing, the parties were unprepared to proceed with the sexual predator hearing. The trial judge noted the requirement to hold the sexual predator hearing prior to sentencing, but suggested delaying the hearing in order that the parties might prepare for it. Bellman's counsel agreed to

this extension, stating: "I want the record to be perfectly clear I am waiving any defect for the hearing to occur then."

{¶ 7} The court conducted the sexual predator hearing at the later date, as agreed, and adjudicated Bellman a sexual predator. Bellman appealed. The court of appeals reversed the adjudication, finding, *sua sponte*, that under the terms of the statute, the trial court had no authority (jurisdiction) to adjudicate Bellman a sexual predator after the sentencing hearing was concluded. We differ with the court of appeals on this point.

{¶ 8} "As a general rule, a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure." *State ex rel. Jones v. Farrar* (1946), 146 Ohio St. 467, 32 O.O. 542, 66 N.E.2d 531, at paragraph three of the syllabus. This is so "unless the object or purpose of a statutory provision requiring some act to be performed within a specified period of time is discernible from the language employed." *Id.*

{¶ 9} Generally, then, it is only where a statutory time requirement evinces an object or purpose to limit a court's authority that the requirement will be considered jurisdictional. For example, R.C. 2941.401 involving speedy trial rights for untried indictments provides that if the action is not brought within the required time, "no court any longer has jurisdiction thereof, the indictment * * * is void, and the court shall enter an order dismissing the action with prejudice."

{¶ 10} By contrast, the language of R.C. 2950.09(B)(1) "does not establish that its time periods are for anything other than convenience and orderly procedure," see *State ex rel. Harrell v. Streetsboro Bd. of Edn.* (1989), 46 Ohio St.3d 55, 63, 544 N.E.2d 924, 932, and it "does not include any expression of intent to restrict the jurisdiction of the court for untimeliness." See *In re Davis* (1999), 84 Ohio St.3d 520, 522, 705 N.E.2d 1219, 1222; see, also, *State ex rel. Smith v. Barnell* (1924), 109 Ohio St. 246, 255, 142 N.E. 611, 613. The provision, then, is

not jurisdictional, and a defendant may waive the requirement in R.C. 2950.09(B)(1) that the sexual predator hearing precede sentencing.

{¶ 11} In this case, Bellman's counsel explicitly waived the time requirement when he agreed to the postponement. We therefore reverse the judgment of the court of appeals on this issue and reinstate the trial court's adjudication of Bellman as a sexual predator.

## II. Duty to Register

{¶ 12} The sexual predator law also includes a provision regarding registration requirements for sexually oriented offenders. R.C. 2950.04. Effective July 1, 1997, this statute provided:

"(A) Each offender who is convicted of or pleads guilty to * * * a sexually oriented offense and who is described in division (A)(1), (2), or (3) of this section shall register * * *:

"(1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term * * * and if, on or after [July 1, 1997], the offender is released in any manner from the prison term * * *.

"(2) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for a sexually oriented offense on or after [July 1, 1997], and if division (A)(1) of this section does not apply * * *.

"(3) If the sexually oriented offense was committed prior to [July 1, 1997], if neither division (A)(1) nor division (A)(2) of this section applies, and if, immediately prior to [July 1, 1997], the offender was a habitual sex offender who was required to register under Chapter 2950. of the Revised Code."

{¶ 13} The court of appeals found Bellman had no duty to register as a sexual predator because he fit into none of the above categories. He does not fit section (A)(1) because he was released prior to July 1, 1997. He evades (A)(2) because he was sentenced prior to July 1, 1997. And, he evades (A)(3) because he

4

was never adjudicated a habitual sex offender and was not required to register under R.C. Chapter 2950.

{¶ 14} " 'Where the words of a statute are plain, explicit, and unequivocal, a court is not warranted in departing from their obvious meaning, although from considerations arising outside of the language of the statute, it may be convinced that the legislature intended to enact something different from what it did in fact enact.' " *Hough v. Dayton Mfg. Co.* (1902), 66 Ohio St. 427, 437, 64 N.E. 521, 524, quoting *D.T. Woodbury & Co. v. Berry* (1869), 18 Ohio St. 456, paragraph one of the syllabus. There is a gap in the R.C. 2950.04 coverage, and Bellman's situation fits into it. While we might believe the gap created by the statute was a legislative oversight, "we cannot take the will for the deed. It is our legitimate function to interpret legislation, but not to supply its omissions." *Hough* at 438, 64 N.E. at 524. Therefore, where a defendant was both sentenced for a sexually oriented offense and released prior to July 1, 1997, and was not previously required to register under R.C. Chapter 2950, that defendant cannot be required to register under R.C. 2950.04.

{¶ 15} We conclude, then, that although Bellman is properly adjudicated a sexual predator under the new law, he has no duty to register because he does not fit within the plain language of R.C. 2950.04 describing categories of compulsory registrants. We thus affirm the judgment of the court of appeals vacating the order requiring Bellman to register pursuant to this statute.

{¶ 16} For the foregoing reasons, the judgment of the court of appeals is affirmed in part and reversed in part.

*Judgment affirmed in part*

*and reversed in part.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

_____