This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Russell Monchein, appeals his adjudication as a sexual predator by the Lorain County Court of Common Pleas. We affirm.
After entering a guilty plea, Defendant was convicted of one count of tampering with evidence; fifty counts of illegal use of a minor in nudity-oriented material or performance; thirty-three counts of pandering sexually oriented material involving a minor; and thirty-seven counts of pandering obscenity involving a minor. Defendant was sentenced on June 23, 1998. Prior to sentencing, Defendant requested a postponement of the sexual predator determination hearing and agreed that sentencing could proceed as planned. Following a hearing held on June 27, 1998, the trial court adjudicated Defendant a sexual predator. This appeal followed. Defendant has assigned three errors for review, which have been rearranged for ease of discussion.
 ASSIGNMENT OF ERROR I The trial court erred to Defendant's prejudice when it conducted a sexual predator hearing after Defendant had already been sentenced for the sexually oriented offenses which triggered the court's finding.
In his first assignment of error, Defendant has argued that the trial court lacked jurisdiction to hold a sexual predator hearing after sentencing. We disagree.
R.C. 2950.09(B)(1) provides that a trial court shall conduct a hearing prior to sentencing to determine whether a defendant is a sexual predator. The Supreme Court of Ohio has recently concluded that the statutory requirement that the determination hearing be conducted prior to sentencing is directory rather than mandatory in nature. State v. Bellman (1999), 86 Ohio St.3d 208,210-11. The Court stated:
 Generally, * * * it is only where a statutory time requirement evinces an object or purpose to limit a court's authority that the requirement will be considered jurisdictional. * * * [T]he language of R.C. 2950.09(B)(1) "does not establish that its time periods are for anything other than convenience and orderly procedure," * * * and it "does not include any expression of intent to restrict the jurisdiction of the court for untimeliness." The provision, then, is not jurisdictional[.]
(Citations omitted). Id., quoting State ex rel. Harrell v.Streetsboro Bd. of Edn. (1989), 46 Ohio St.3d 55, 63, and In reDavis (1999), 84 Ohio St.3d 520, 522. Accordingly, the timing requirement for a sexual predator hearing under R.C. 2950.09(B)(1) may be waived. State v. Bellman, 86 Ohio St.3d at paragraph one of the syllabus.
In this case, Defendant requested a postponement of the sexual predator hearing and consented to the court's decision to proceed with sentencing. The trial court retained jurisdiction to conduct the hearing at a later time. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR III The trial court erred to Defendant's prejudice when it imposed the registration and notification requirements that accompany a sexual predator classification.
Defendant has argued that the registration requirements of R.C. Chapter 2950 violate the constitutional guarantees of equal protection and due process. This court has previously considered, and rejected, these arguments. See State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, at 9-14. Defendant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court erred to Defendant's prejudice when it classified Defendant as a sexual predator.
In his second assignment of error, Defendant avers that the trial court's conclusion that he is a sexual predator was not supported by clear and convincing evidence because his convictions pertained to possession of internet pornography involving juveniles with whom he had no physical contact. We disagree.
Section 2950.01(E) of the Ohio Revised Code defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In making this determination, the trial court must consider all relevant factors, including:
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2). On appeal, this court must review whether the evidence presented at the hearing, if believed, was sufficient to lead a reasonable trier of fact to conclude by clear and convincing evidence that the defendant is a sexual predator.State v. Duvall (Dec. 30, 1998), Lorain App. No. 97CA006863, unreported, at 4. See, also, State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
In State v. Maynard (Mar. 31, 1999), Lorain App. No. 97CA006908, unreported, this court concluded that there was clear and convincing evidence to support a sexual predator adjudication based on the defendant's convictions for possession of a large quantity of photographs of sexual activity involving minors. As in this case, the pictures had been downloaded from the internet. Although the record in this case does not indicate that the trial court considered a presentence investigation report, the evidence indicated that Defendant was convicted of one hundred twenty-three separate offenses involving internet pornography. The materials found in his possession included photographs of sexual contact and intercourse involving children between the ages of approximately eight to fifteen years. Defendant had previously been convicted of corruption of a minor. Given these considerations, there was sufficient information in the record for the trial court to find by clear and convincing evidence that defendant is a sexual predator. His second assignment of error is, therefore, overruled.
Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
 FOR THE COURT
BAIRD, P.J.
BATCHELDER, J.
CONCUR