OPINION
Defendant-appellant, Ronald Millard Flaugher, appeals the sentence imposed by the Clermont County Court of Common Pleas in his conviction for attempted rape and his classification as a sexual predator.
Appellant is mentally retarded and tests in the lower percentiles for his age group in many of his cognitive abilities. In September 1996, appellant, then eighteen, left his home in Georgetown, Ohio to visit his half-sister, T.R., then eleven, who lived in Bethel, Clermont County, Ohio. That night, appellant and T.R. went to a vacant apartment in a building in Bethel where some friends lived. There appellant and T.R. engaged in sexual intercourse. T.R. was pregnant at the time. Subsequent tests showed that appellant was not the father of this child. During the course of the police investigation, appellant was interviewed by Dep. Barry Creighton of the Clermont County Sheriff's Office, who also acted as an investigator for the Clermont County Department of Human Resources. Appellant admitted to Dep. Creighton that he had sex with T.R.
Appellant was indicted on April 23, 1997 on one court of rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. On January 21, 1998, appellant was found to be incompetent to stand trial. Appellant was confined to the Pauline Warfield Lewis Center where he could be treated. On September 30, 1998, the trial court found that appellant's competency to stand trial had been restored, and the case proceeded.
On February 22, 1999, appellant entered a plea of guilty to the amended charge of attempted rape, in violation of R.C. 2923.02
and R.C. 2907.02(A)(1)(b), a felony of the second degree. On April 8, 1999, a sentencing hearing was held. Appellant was ordered to serve a five-year term of imprisonment. The trial court then held a sexual predator classification hearing, and appellant was found to be a sexual predator. Appellant appeals, raising three assignments of error.
Assignment of Error No. 1:
 THE COURT ERRED BY NOT SENTENCING THE APPELLANT TO A TWO-YEAR PRISON TERM FOR THE COMMISSION OF A SECOND DEGREE FELONY.
 In his first assignment of error, appellant contends that the trial court erred by imposing a sentence more severe than was warranted. Appellant asserts that the trial court failed to make certain findings in support of its decision, and that the findings which were made do not support the sentence imposed.
Pursuant to R.C. 2953.08(G)(1), an appellate court may not disturb a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. R.C. 2953.08(G). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (Mar. 2, 1998), Clermont App. No. CA97-04-042, unreported at 4. The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
Pursuant to R.C. 2929.14(A)(2), when the trial court has determined that a prison term must be imposed upon the offender for a second degree felony, the court may impose a prison term of two to eight years. If the offender has not served a previous prison term, the trial court must impose the minimum sentence of two years imprisonment, unless the trial court finds that to do so would "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). Although the trial court is not required to use the "magic words" of the statute, substantial compliance is required. State v. Estrada (Sept. 18, 1998), Sandusky App. No. S-98-006, unreported; State v. Blondheim (May 27, 1998), Summit App. No. 18594, unreported, discretionary appeal not allowed (1998), 83 Ohio St.3d 1452. Substantial compliance will be found where the trial court has provided sufficient findings on the record to indicate either of the requirements of R.C. 2929.14(B). See State v. Brooks (Aug. 18, 1998), Franklin App. No. 97APA11-1543, unreported.
When reviewing the seriousness of the offender's conduct, the trial court is guided by R.C. 2929.12(B), which lists factors for the trial court's consideration. As relevant to the instant case, these factors include:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
* * *
 (6) The offender's relationship with the victim facilitated the offense.
 R.C. 2929.12(C) lists factors which the trial court may consider as indicating that the offender's conduct is less serious than that normally constituting the offense. As relevant to the instant case, these include:
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 Pursuant to R.C. 2929.12(B) and R.C. 2929.12(C), the trial court may also consider "any other relevant factors."
At appellant's sentencing hearing the trial court found that the harm caused by appellant's conduct was exacerbated by T.R.'s age, eleven years old. The trial court found that the victim suffered serious psychological harm due to appellant's conduct. The trial court found that appellant's offense was facilitated by his relationship with T.R., being her half-sibling, and that appellant had violated the trust inherent in such a relationship. The trial court also found that appellant's conduct was more serious than the average attempted rape because appellant had engaged in actual intercourse with T.R. The trial court was also disturbed by the incestuous nature of appellant's offense.
The trial court did note that appellant's mental retardation mitigated the severity of his offense. The trial court was cognizant that appellant was earlier declared incompetent to stand trial and that appellant's cognitive abilities remain far below average. The trial court believed, though, that the factors indicating that appellant's offense was greater than that normally constituting the offense were greater than the factor weighing against such a finding. The trial court did not err in finding that the seriousness of the harm and circumstances of appellant's offense outweighed any mitigating factors.
When reviewing whether an offender poses a likelihood of recidivism, the trial court is guided by factors listed in R.C.2929.12(D). As relevant to the present case, these include:
(5) The offender shows no genuine remorse for the offense.
The trial court may consider factors included in R.C. 2929.12(E) as indicating a lesser likelihood of recidivism. As relevant to the present case, these include:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
(5) The offender shows genuine remorse for the offense.
 Pursuant to both R.C. 2929.12(D) and R.C. 2929.12(E), the trial court may also consider "any other relevant factors."
The trial court wrestled with the determination of whether appellant was likely to be a recidivist. The trial court acknowledged that all of the factors listed in R.C. 2929.12(E) were present. But the trial court was unsure whether appellant had demonstrated genuine remorse for his conduct and the effects that it had upon T.R. The trial court noted that after this offense, appellant pleaded guilty to and was convicted of unauthorized use of an automobile. The trial court was also concerned that sexual offenders are more likely to reoffend. The trial court was left with a very difficult determination, and we cannot say that the trial court's finding of a likelihood of recidivism was not supported by the record.
We find that the trial court made sufficient findings to support its imposition of a greater than minimum sentence. The findings made by the trial court are supported by clear and convincing evidence in the record. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT LACKED JURISDICTION TO CLASSIFY THE APPELLANT A SEXUAL PREDATOR.
 In his second assignment of error, appellant contends that the trial court divested itself of jurisdiction to classify him a sexual predator by announcing sentence before holding the sexual predator classification hearing. Appellant contends that R.C. 2950.09 sets forth certain jurisdictional requirements which were not met in this case.
R.C. 2950.09(B) provides:
 (1) Regardless of when the sexually oriented offense was committed, if a person is to be sentenced on or after the effective date of this section for a sexually oriented offense that is not a sexually violent offense, * * * the judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator. The judge shall conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing required by section 2919.19 of the Revised Code.
 The Supreme Court of Ohio recently addressed the import of this section in State v. Bellman (1999), 86 Ohio St.3d 208. In that case, the court found that R.C. 2950.09(B)(1) does not evince an object or purpose to limit the authority of the trial court, and it is directory, not jurisdictional, in nature. Id. at 210-211. The court relied upon the general rule that
 a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure.
 Id. at 210 (citation omitted). The court ruled that the language of R.C. 2950.09(B)(1) did not include any expression of an intent to restrict the jurisdiction of the trial court for untimeliness. Rather, the section's language established that its purpose was only for "convenience and orderly procedure." Id.
In the instant case, the trial court conducted the sexual predator hearing as part of the sentencing hearing. Although the trial court announced sentence before taking statements from the state and appellant concerning whether to classify appellant a sexual predator, the court declared appellant a sexual predator before the judgment entry of sentence was filed. This judgment entry included the finding that appellant was a sexual predator, in accordance with R.C. 2950.09(B)(3).
Although the trial court may not have strictly followed the procedural language of R.C. 2950.09(B)(1), this minor failure on the trial court's part did not divest the trial court of jurisdiction on this matter, and appellant has not demonstrated any prejudice from this minor procedural flaw. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT LACKED CLEAR AND CONVINCING EVIDENCE TO CLASSIFY APPELLANT A SEXUAL PREDATOR.
 In his final assignment of error, appellant contends that the trial court erred by classifying him a sexual predator. Appellant asserts that the state failed to present sufficient evidence to find that appellant is likely to commit sexual offenses in the future.
In the context of a challenge to the sufficiency of the evidence,
 "sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the [judgment] as a matter of law. * * * In essence, sufficiency is a test of adequacy.
 State v. Thompkins (1998), 78 Ohio St.3d 380, 386, rehearing/reconsideration denied, 79 Ohio St.3d 1451. When the evidence pertains to specific statutory findings which the trial court must make, the reviewing court must look to see whether the trial court followed the enumerated factors in making its determination, or whether the trial court abused its discretion by deviating from the statutory criteria. See In re William S. (1996), 75 Ohio St.3d 95, 99.
Pursuant to R.C. 2950.09(C)(2)(b), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance of the evidence," it is less than evidence "beyond a reasonable doubt." State v. Danby
(1983), 11 Ohio App.3d 38, 41, citing Cross, 161 Ohio St. at 477.
We must review the record to determine whether the state presented evidence sufficient to meet its burden of production: clear and convincing evidence that the defendant is a sexual predator. In sexual predator adjudications, this review focuses on whether evidence was presented relating to the factors listed in R.C. 2950.09(B)(2). R.C. 2950.09(B)(2) states:
 In making a determination under divisions (B)-(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 The trial court is "not limited to" these factors. Neither party to a sexual predator adjudicatory hearing is required to present new evidence or call and examine witnesses. All that is required is that the parties are given the opportunity to do so. R.C. 2950.09(B)(1).
After evidence is presented, the trial court is required to consider the above factors in making its determination. R.C.2950.09(C)(2)(b). In reviewing these factors and any other relevant characteristics under R.C. 2950.09(B)(2)(j), the trial court may look into the defendant's past behavior. State v.Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, at 2, affirmed, 84 Ohio St.3d 19. The trial court is not required to find that evidence was presented to support a majority of the factors listed in R.C. 2950.09(B)(2). State v.Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported, at 7. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. State v.Bradley (June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported.
At appellant's sexual predator hearing, the state presented evidence of the nature of appellant's offense. The prosecutor specifically brought to the trial court's attention several of the factors listed in R.C. 2950.09(B)(2). The prosecutor noted the ages of appellant and T.R., the nature of the sexual offense, that appellant was in a familial and trusting relationship with T.R., and that appellant's offense was a violation of that trust. Appellant sought to rebut the state's evidence by pointing out that he had no criminal history prior to this offense, that he was remorseful for his conduct, and that his offense arose out a consensual encounter with someone who may have been more mentally mature and sexually active than appellant.
The trial court found many of the statutory factors included in R.C. 2950.09(B)(2) when making its determination. The trial court found that appellant was eighteen and T.R. was eleven at the time of the offense. R.C. 2950.09(B)(2)(a) and (c). Appellant is mentally retarded, which may impair his judgment and his ability to understand the effect of his offense. Appellant's retardation may make treatment difficult. R.C. 2950.09(B)(2)(g). The trial court was also concerned about the familial relationship which facilitated appellant's offense, and appellant's willingness to breach the trust inherent in that relationship. R.C.2950.09(B)(2)(j).
After thoroughly reviewing the transcript of the adjudicatory hearing and the exhibits, we are satisfied that the state presented sufficient evidence to meet its burden of production that appellant is a sexual predator. The trial court's decision demonstrates that it properly considered the factors contained in R.C. 2950.09(B)(2). Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.