OPINION
Plaintiff-appellant, the state of Ohio, appeals the decision of the trial court to dismiss a sexual predator hearing. We affirm the decision of the trial court.
On January 31, 1997, appellee pled guilty to one count of attempted rape and was immediately sentenced to five to fifteen years in prison. Subsequently, the Department of Rehabilitation and Correction recommended appellee be classified as a sexual predator pursuant to R.C. 2950 et seq. The trial court scheduled the hearing for August 17, 1997. On August 16, 1997, appellee moved to dismiss the hearing. The trial court granted the motion. Appellant filed a timely appeal and assigns one assignment of error:
 THE TRIAL COURT ERRED IN DETERMINING THAT IT DID NOT HAVE JURISDICTION TO HOLD THE SEXUAL PREDATOR HEARING.
In State v. Bellman (1998), 86 Ohio St.3d 208, paragraph one of syllabus, the Supreme Court of Ohio held that "[a] defendant may waive the R.C. 2950.09(B)(1) requirement that a sexual predator hearing precede sentencing." The court reasoned that "timing" is not jurisdictional and, therefore, can be waived. Id.
at 209. Similarly, in State v. Martell (Nov. 29, 1999), Clermont App. Nos. CA99-01-009 and CA99-05-054, this court ruled that the notice provisions of R.C. 2950, et seq., like "timing," can be waived by a defendant.
In this case, appellee did not waive timing. We have addressed this issue on one previous occasion. In State v. Flaugher
(Nov. 8, 1999), Clermont App. No. CA99-04-034, unreported, the sexual predator hearing was properly conducted at the time of the sentencing hearing. However, the trial judge "announced sentence before taking statements from the state and appellant concerning whether to classify appellant a sexual predator * * *." Id. at 8. The defendant was declared a sexual predator before the judgment entry was filed. Id. Nevertheless, the sexual predator classification was included in the judgment entry of sentence. Id.
at 8-9. This court concluded that announcing sentence from the bench prior to taking statements from the parties on whether to classify a defendant as a sexual predator did not prevent the trial court from conducting a sexual predator hearing. Id. at 9.
Unlike Flaugher, the sexual predator classification hearing in this case was scheduled almost seven months after the sentencing hearing had been held and the trial court had entered the sentence. This was not a "minor procedural flaw." Cf.Flaugher at 9. The statute requires the sexual predator hearing be held before the sentencing hearing or, in the case of a felony, at the time of the sentencing hearing. R.C. 2950.09(B)(1). If appellee had waived timing, the trial court could have proceeded with the sexual predator hearing because timing is not jurisdictional. Bellman at paragraph one of syllabus. However, without a waiver by appellee, the trial court properly dismissed the sexual predator hearing. The assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.