OPINION
Defendant Donald E. Barrett appeals the December 17, 1999 order of the Hancock County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. Chapter 2950. Defendant asserts a single assignment of error with the trial court's judgment.
 The lower court erred in rendering a decision which [sic] was against the manifest weight of the evidence when it classified the appellant as a sexual predator, when the only psychological expert had recommended classification as a sexually oriented offender and the appellant had no prior history of committing sexual offenses.
 On September 3, 1999, the defendant was charged with three felony counts of corruption of a minor in violation of R.C. 2907.04. Defendant subsequently pled guilty to the charges, which stemmed from his sexual contact with three different girls. Defendant was twenty at the time of the offenses, and his victims were thirteen, fourteen and fifteen respectively.
The trial court ordered a pre-sentence investigation and a psychological evaluation, and deferred defendant's sentencing and sexual offender classification proceedings until these reports were completed. On December 17, 1999, the trial court sentenced the defendant to thirty-two months incarceration with the Department of Rehabilitation and Correction. The trial court then proceeded to address the question of defendant's sexual offender status pursuant to R.C. Chapter 2950.[1] The only evidence presented was contained in the pre-sentence investigation and the court-ordered psychological evaluation. Based on this evidence, the trial court determined that defendant was a sexual predator, which is defined as "a person who has * * * pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E).
On appeal, defendant argues that the trial court either failed to closely examine the psychological evaluation report, or alternatively failed to give sufficient weight to certain recommendations contained in the report. Defendant relies heavily on three specific portions of the report: the forensic psychologist's conclusion that "he [the defendant] is a good candidate for sex offender treatment;" the results of the Minnesota Sex Offender Screening Tool-Revised, which indicated that defendant is "within the moderate range for sex offender reoffense;" and the psychologist's recommendation that "the court may wish to give [the defendant] a Sexually Oriented Offender designation." Defendant argues that the court could not have carefully considered this evidence and still have concluded that he is a sexual predator.
As an initial matter, we reject defendant's first argument — that the court failed to adequately examine the report. The trial court had previously continued defendant's sentencing and sexual offender classification hearings, in part to review the contents of the report. See Order of Continuance (December 2, 1999), 99-129-CR at *1. Additionally, the judgment entry under appeal specifically states that the trial court reached its decision only after "having reviewed * * * the report of the Court Diagnostic and Treatment Center * * *." Judgment Entry [of] Sex Offender Classification (December 29, 1999), 99-129-CR, at *1. Moreover, it is apparent from the transcript of the sexual offender classification hearing that the trial court closely examined and in fact relied upon several aspects of the evaluation, as references to specific parts of the report appear throughout the hearing. See Transcript of Sentencing and Sexual Offender Classification Proceedings, at **5, 22-23, 25, 27.
However, defendant also contends that the trial court failed to give sufficient weight to the psychologist's recommendations and conclusions, and therefore that the trial court's determination that he is a sexual predator is not supported by clear and convincing evidence. Cf. R.C. 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof that is more than a mere preponderance of the evidence, but less than the extent of certainty that is required for proof beyond a reasonable doubt. See Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. It is evidence which "produce[s] in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990),55 Ohio St.3d 71, 74, quoting Cross, 161 Ohio St. at paragraph three of the syllabus. If a trial court's determination that a defendant is a sexual predator is supported by evidence legally sufficient to meet the clear and convincing standard of proof, it will be not be disturbed by a reviewing court. See, e.g. Statev. Anderson (November 9, 1999), Auglaize App. No. 2-99-15, unreported, 1999 WL 1009095 at *2.
Here, the trial court specifically utilized the factors enumerated in R.C. 2950.09(B)(2) to determine that the defendant was a sexual predator. See id. The trial court found that the defendant was a young offender who was more likely to reoffend [R.C. 2950.09(B)(2)(a)], that his victims were young [R.C.2950.09(B)(2)(c)], and that defendant had failed to comply with prior juvenile court orders to stay away from younger people [R.C.2950.09(B)(2)(b)]. The trial court also noted that defendant was suffering from a "mental disorder" [R.C. 2950.09(B)(2)(g)]. Finally, the court stated that the psychological evaluation of the defendant "pointed out that he has poor impulse controls. He does things just to satisfy a need; he has little regard for authority; he has a contempt charge; there has been evidence of substance abuse; and he has had little or no guidance." Transcript at *27; see also R.C. 2950.09(B)(2)(j). All of these findings are clearly supported by the record.
However, defendant argues that despite the presence of these statutory factors, the trial court should not have found him to be a sexual predator based solely on the aforementioned portions of the psychological evaluation. We disagree. Under the rule advocated by the defendant, trial courts would be forced to accept the conclusions of psychologists, despite the presence of other overwhelming evidence contrary to those conclusions. The legislature's enactment of R.C. Chapter 2950 did not create such aper se rule.
Moreover, even if we were to accept the defendant's argument, the report does not conclusively support the defendant's argument that he is not likely to reoffend. The report specifically observes that defendant is "within the moderate range for sex offender reoffense when compared to other offenders with similar profiles." We believe that this evidence itself supports a conclusion that defendant is "likely to engage in the future in one or more sexually oriented offenses" and therefore meets the definition of a sexual predator. R.C. 2950.01(E). Moreover, while the report suggests that "the court may wish to give [the defendant] a sexually oriented offender designation" it goes on to note that defendant "indicates some propensity towards reoffense * * *." Cf. id. It also appears that the psychologist's recommendation that defendant be classified as a sexually oriented offender rests primarily on the observation that the defendant may not require "intensive scrutiny." While such an observation may be helpful to the trial judge, it has only a slight bearing on the question of whether defendant "is likely to engage in the future in one or more sexually oriented offense." Id.
Based on the entire record, we cannot say that the trial court erred by finding defendant to be a sexual predator. Defendant had sexual intercourse with three young girls on three different occasions in three different locations, and the totality of the evidence presented at the sexual offender classification hearing clearly and convincingly establishes that defendant was likely to engage in other sexually oriented offenses in the future. See,e.g., State v. Anderson, unreported at *4. For these reasons, defendant's sole assignment of error is overruled, and the judgment of the Hancock County Court of Common Pleas is affirmed.
Judgment affirmed.
 ______________________________ SHAW, PRESIDING JUDGE
 BRYANT and WALTERS, JJ., concur.
[1] We note in passing that the trial court did not addressthe question of defendant's sexual offender status until after ithad sentenced him. This procedure seems to be in directcontravention of the procedural mandates of R.C. Chapter R.C.2950. See R.C. 2950.09(B)(1). However, in State v. Bellman(1999), 86 Ohio St.3d 208, the Ohio Supreme Court determined that"[a] defendant may waive the R.C. 2950.09(B)(1) requirement that asexual predator hearing precede sentencing." Id., paragraph oneof the syllabus. Because defendant did not object to the trialcourt's decision to address his sexual offender status aftersentencing and has not raised this decision as an assignment oferror, we decline to address the issue further.