This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, William Charles Kirkman, Jr. ("Kirkman"), appeals the decision of the Summit County Court of Common Pleas adjudicating him a sexual predator. We affirm.
 I.
On April 23, 2001, the grand jury indicted Kirkman on aggravated robbery in violation of R.C. 2911.01(A)(3), kidnapping in violation of R.C. 2905.01(A)(3), attempted rape in violation of R.C. 2907.02(A)(2), felonious assault in violation of R.C. 2903.11(A) and burglary in violation of R.C. 2911.12(A)(2). Pursuant to a plea agreement with the state, Kirkman pleaded guilty to felonious assault and breaking and entering in violation of R.C. 2911.13. Upon the state's recommendation, the trial court dismissed the aggravated robbery, attempted rape and kidnapping charges.
The trial court sentenced Kirkman to five years in prison for the felonious assault and six months in prison for the breaking and entering. A week later, the trial court held a hearing and adjudicated Kirkman a sexual predator. This appeal followed.
 II. Assignment of Error No. 1: THE TRIAL COURT IMPROPERLY FOUND THE CHARGE OF FELONIOUS ASSAULT, O.R.C. 2903.11(A)(2) TO BE A SEXUALLY ORIENTED OFFENSE AND SUCH FINDING MUST BE VACATED.
In his first assignment of error, Kirkman challenges the trial court's finding that Kirkman's offense of felonious assault was a sexually oriented offense requiring a sexual predator hearing after his sentencing. Specifically, Kirkman asserts the trial court erred in proceeding to a sexual predator adjudication after sentencing because "[a]t no time during the sentencing hearing did [Kirkman] enter a plea to a sexually oriented offense[.]"
R.C. 2950.09(A) provides that "a person who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to a sexually oriented offense may be classified as a sexual predator[.]" The sentencing judge then conducts "a hearing to determine whether the offender is a sexual predator." R.C. 2950.09(B).
The Supreme Court of Ohio has concluded that the statutory requirement that the determination hearing be conducted prior to sentencing is directory rather than mandatory in nature. State v. Bellman (1999),86 Ohio St.3d 208, 210-11. Accordingly, the timing requirement for a sexual predator hearing under R.C. 2950.09(B)(1) may be waived. Id. The record reflects that Kirkman pleaded guilty to a sexually oriented offense and waived the statutory timing requirement of the sexual predator hearing.
At the July 2, 2001 plea and sentencing hearing, the following discussion occurred:
 MS. MULLIGAN: The State is of the position that the offense of felonious assault in this would be a sexually-oriented offense that would then be subject to a hearing, pursuant to Chapter 2950 of the Revised Code.
 THE COURT: Are you indicating that you believe because of the underlying nature of this, that this particular felonious assault would fall under the sexual classification statute?
MS. MULLIGAN: That's correct.
THE COURT: Okay.
 MR. HICKS: Judge Unruh, the prosecution has accurately stated the negotiations which have occurred. I've discussed this with Mr. Kirkman. At this time, he would withdraw his previous pleas of not guilty and enter pleas of guilty to the felonious assault and the breaking and entering.
 He's aware of the various rights that he's giving up, and he's also aware, as I've indicated, that the Court would hold a hearing on Monday, which would be July 2nd, and at that time there would be a determination as to a sexual classification, if any.
The trial court reviewed Kirkman's Crim.R. 11 rights and then made the following inquiry:
 THE COURT: Do you also understand that when we get to the sentencing part, that we will — I'll do part of the sentencing today and I will do the other part, the sexual classification part, on Monday, and we'll have a hearing as it relates to the sexual classification part of the sentencing. Do you understand that?
THE DEFENDANT: Yes, ma'am.
 THE COURT: Do you have any questions about the potential penalties in his case?
THE DEFENDANT: No, ma'am.
After a careful review of the July 2, 2001 hearing, we cannot say that the trial court erred in proceeding to a sexual predator hearing pursuant to R.C. 2950.09(B). The record reflects that Kirkman entered a guilty plea after negotiations with the state that the felonious assault charge "would be a sexually-oriented offense * * * subject to a hearing pursuant to Chapter 2950 of the Revised Code." Accordingly, Kirkman's first assignment of error is overruled.
 III. Assignment of Error No. 2: THE STATE DID NOT PRODUCE EVIDENCE TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT WILLIAM CHARLES KIRKMAN IS A SEXUAL PREDATOR.
In his second assignment of error, Kirkman argues that the determination that he is a sexual predator was not supported by clear and convincing evidence. We disagree.
If an offender is to be adjudicated as a sexual offender, a trial court must hold a hearing pursuant to R.C. 2950.09(B). "At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1). In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C.2950.09(B)(3). The standard of clear and convincing evidence is met if the evidence produces a firm belief or conviction as to the matter to be established in the mind of the trier of fact. State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported, at 3. In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard.Cross v. Ledford (1954), 161 Ohio St. 469, 477; see, also, State v.Cartwright (Nov. 25, 1998), Lorain App. No. 97CA006782, unreported, at 6.
We note that the trial court was not required to mention each of the statutory factors in its decision, but merely to consider each factor in arriving at its decision. State v. Alexander (Apr. 14, 1999), Summit App. No. 18823, unreported, at 5-6, citing State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported, at 9. These factors need not be weighted or balanced, nor does the determination of sexual predator status demand that a majority of the factors listed weigh against the defendant. State v. Francis (June 16, 1999), Summit App. No. 18791, unreported, at 6, citing State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported.
A review of the record in the case sub judice demonstrates the trial court's classification of Kirkman as a sexual predator is supported by clear and convincing evidence. The record indicates the trial court considered the evidence and testimony in light of the factors listed in R.C. 2950.09(B)(2) before concluding Kirkman should be classified a sexual predator. The trial court considered: 1) Kirkman's age; 2) his prior record including a 1996 kidnapping, 1988 sexual battery and 1979 aggravated burglary; 3) the use of drugs to prevent resistance in the 1996 kidnapping; 4) pattern of abuse with the current offense and 1996 offense and 5) the display or threat of cruelty. Our independent examination of the record supports the trial court's conclusion that, by clear and convincing evidence, Kirkman qualifies as a sexual predator.
Kirkman's second assignment of error is overruled.
 IV.
Having overruled Kirkman's two assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WHITMORE, J. CONCURS.