OPINION
Defendant-appellant, James Geran, appeals an order of the Butler County Court of Common Pleas requiring him to register as a sexual predator under R.C. 2950.04.
In December 1994, appellant pled guilty to one count each of gross sexual imposition and robbery. The trial court sentenced appellant to consecutive sentences of 5 to 15 years on the robbery charge and 18 months on the gross sexual imposition charge.[1]
In February 1999, following a hearing conducted pursuant to R.C.2950.09(B), the trial court adjudicated appellant a sexual predator and ordered him to comply with the registration requirements of R.C. Chapter 2950. As his sole assignment of error, appellant claims the lower court erred by requiring him to register as a sexual predator.
Before an offender may be required to register as a sexual predator, he must satisfy one of the categories enumerated in R.C. 2950.04(A) for compulsory registration. State v Bellman, 86 Ohio St.3d 208,1999-Ohio-95. Under R.C. 2950.04(A), registration is required where:
 (1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and if, on or after July 1, 1997, the offender is released in any manner from the prison term, term of imprisonment, or confinement * * *
 (2) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for a sexually oriented offense on or after July 1, 1997, and if division (A)(1) of this section does not apply * * *
 (3) If the sexually oriented offense was committed prior to July 1, 1997, if neither division (A)(1) nor division (A)(2) of this section applies, and if, immediately prior to July 1, 1997 the offender was a habitual sex offender who was required to register under Chapter 2950. of the Revised Code * * *.
Appellant argues that he does not meet any of the criteria under R.C.2950.04(A) and is not required to comply with the registration and reporting requirements of R.C. Chapter 2950. Specifically, appellant argues he completed his sentence for the gross sexual imposition conviction before the July 1, 1997 effective date of R.C. Chapter 2950. It therefore follows, appellant contends, that he is only currently serving a sentence for the robbery charge and is accordingly not required to comply with the registration requirements of R.C. 2950.04(A).
In support of his position, appellant relies on Bellman, and our decision in State v. Benson (Aug. 28, 2000), Butler App. No. CA99-11-194. In both Bellman and Benson, however, the accused completed and was released from his term of imprisonment for a sexually oriented offense long before the July 1, 1997 effective date of R.C. Chapter 2950. Appellant claims that like those individuals, he too has completed his term of imprisonment for his sexually oriented offense and cannot be required to register as a sexual offender. We disagree.
Appellant was sentenced to consecutive terms of imprisonment for robbery and gross sexual imposition. The aggregate minimum term appellant was required to serve was six and one-half years. At the time of the classification hearing, appellant was still serving his aggregate sentence. Other courts have held that where a defendant is ordered to serve a term of imprisonment for a sexually oriented offense consecutive to a sentence for another offense, the defendant is considered to be serving a term of incarceration for a sexually oriented offense throughout the aggregate sentence and is therefore subject to the registration requirements of R.C. 2950.04(A). State v. Anderson, Geauga App. No. 2000-G-2316, 2001-Ohio-7069; State v. Walls (Nov. 21, 2001), Cuyahoga App. No. 79196; and State v. Michaels (Dec. 8, 1999), Summit App. No. 18862.[2]
We accordingly conclude that appellant was serving a term of incarceration related to a sexually oriented offense at the time his classification hearing was held and he is therefore subject to the registration requirements of R.C. Chapter 2950.
The assignment of error is overruled and the judgment of the trial court is hereby affirmed.
POWELL and YOUNG, JJ., concur.
[1] Appellant was also convicted on one count of assault and sentenced to a six-month term to be served concurrently with his other sentences.
[2] In its sentencing entry, the trial court first imposed the 5 to 15 year term for the robbery charge. The entry then sentenced appellant to 18 months on the gross sexual imposition charge with said sentence "to run consecutively with the sentence imposed in [the robbery charge]." Thus, the first five years of appellant's sentence was arguably served on the robbery charge with the next eighteen months including the period when appellant was classified as a sexual predator and ordered to register constituting appellant's gross sexual imposition sentence. Appellant was clearly serving an aggregate sentence for a sexually oriented offense both at the time R.C. Chapter 2950 went into effect and when appellant's classification hearing was held.