DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas following appellant's guilty plea to unlawful sexual conduct with a minor. Because we conclude that the trial court did not commit reversible error in conducting the sexual predator hearing and did not violate appellant's constitutional rights under the Double Jeopardy Clause, we affirm.
 {¶ 2} Appellant, Westley Fox, pled guilty to one count of unlawful sexual conduct with a minor, in violation of R.C. 2923.02 and 2907.04(A) and (B)(3). On May 2, 2002, the court conducted appellant's sentencing hearing followed by the sexual predator classification hearing. Appellant was sentenced to 17 months in prison, to be served consecutively to another conviction from Hancock County. Appellant then moved the court to find that the House Bill 180 statute, R.C. Chapter 2950, et seq., is unconstitutional. The court denied appellant's motion. The court then found that appellant is a sexual predator as defined by R.C. 2950.01(E).
 {¶ 3} Appellant now appeals from the sentencing order and sets forth the following two assignments of error:
 {¶ 4} "I. The trial court committed reversible error by conducting the H.B. 180 hearing after the sentencing hearing.
 {¶ 5} "II. The trial court violated the Double Jeopardy Clause."
 I. {¶ 6} We will address appellant's two assignments of error together. Appellant, in his first assignment of error, contends that the trial court committed reversible error by failing to have the sexual predator hearing prior to the sentencing hearing. In his second assignment of error, appellant argues that the imposition of a sexual predator classification pursuant to R.C. 2950.09 after sentencing constituted a violation of appellant's constitutional rights against double jeopardy because the court allegedly had no jurisdiction to essentially modify his sentence.
 {¶ 7} R.C. 2950.09(B)(2) provides that a sexual predator classification hearing shall be conducted "prior to sentencing and, if the sexually oriented offense is a felony and if the hearing is being conducted under division (B)(1)(a) or (b) of this section, the judge may conduct it as part of the sentencing hearing required by section 2929.19
of the Revised Code. The court shall give the offender * * * and the prosecutor who prosecuted the offender * * * notice of the date, time, and location of the hearing.* * *."
 {¶ 8} The Supreme Court of Ohio has concluded that the statutory requirement that the determination hearing be conducted prior to sentencing is directory rather than mandatory in nature. State v.Bellman (1999), 86 Ohio St.3d 208, 210-11. R.C. 2950.09(B)(1) "`does not establish that its time periods are for anything other than convenience and orderly procedure,' [citations omitted] and it `does not include any expression of intent to restrict the jurisdiction of the court for untimeliness.'[citations omitted]." Id. Consequently, the provision is not jurisdictional, and a defendant may waive the requirement in R.C.2950.09(B)(2) that the sexual predator hearing precede sentencing. Id.
 {¶ 9} In this case, appellant had notice that the court had scheduled the sentencing and sexual predator classification hearings for the same date and time. Thus, appellant had the opportunity to present evidence at the classification hearing. Moreover, on the day of the hearing, appellant failed to object to the court's imposition of sentence prior to conducting the classification hearing. Therefore, the trial court had jurisdiction to determine appellant's classification pursuant to R.C. 2950.09, and any alleged error was waived.
 {¶ 10} Accordingly, appellant's first and second assignments of error are not well-taken.
 {¶ 11} The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
Knepper and Pietrykowski, JJ., concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.