JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Bobby Elswick ("defendant") appeals from the judgment of the trial court which, following a hearing, determined defendant to be a sexual predator and subject to statutory registration requirements. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} A review of the record on appeal reveals that defendant was incarcerated from 1987 to 2002 subsequent to his pleading guilty to one amended count of sexual battery in violation of R.C. 2907.03 (two years imposed), one count of felonious assault in violation of R.C. 2903.11
(eight to fifteen years imposed), and one count of aggravated assault in violation of R.C. 2903.12 (one and one-half years imposed), each to run concurrently to one another. On March 22, 2002, the defendant's term of incarceration expired and he was released. Pursuant to R.C. 2950.09(C), the trial court conducted a hearing and on June 18, 2002, adjudicated the defendant to be a sexual predator and ordered him to comply with statutory registration requirements. It is from this ruling that the defendant now appeals, asserting one assignment of error for our review.
 {¶ 3} "I. The trial court erred in ordering appellant to register as a sexual predator, pursuant to R.C. 2950.04, since, on the effective date of that statute, appellant was not incarcerated for a sexually oriented offense."
 {¶ 4} In his sole assignment of error, defendant concedes that the trial court was authorized to classify him as a sexual predator but contends that the trial court was without authority to impose registration requirements under the R.C. 2950.04. We disagree.
 {¶ 5} Before an offender may be ordered to register as a sexual predator, he must fit into one of the categories enumerated in R.C.2950.04(A). State v. Bellman (1999), 86 Ohio St.3d 208. The clear import of this different language is that under R.C. 2950.04(A), registration is required where:
 {¶ 6} "(1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term * * * and if, on or after July 1, 1997, the offender is released in any manner from the prison term * * *.
 {¶ 7} It is the defendant's contention that, although he received a total term of incarceration for sexual battery, felonious assault, and aggravated assault, he completed serving the two years imposed on the sexual battery charge by 1989. It follows, he argues, that since he was no longer serving a sentence for a sexually oriented offense, he should not be required to register as a sexual predator. For this contention, the defendant relies on Bellman and our decisions in State v. Wilson, Cuyahoga App. No. 79485, 2002-Ohio-1846 and State v. Taylor, Cuyahoga App. No. 79475, 2002-Ohio-1554. However, his reliance on these cases is misplaced. In Bellman, the defendant had completed and was released from his term of incarceration for a sexually oriented offense prior to July 1, 1997. In Wilson, the defendant was serving time for aggravated burglary and theft, while in Taylor, it was stipulated that at the time his hearing was scheduled, the defendant was not in prison for a sexual offense conviction.In this case, however, the record reflects that at the time of his sexual predator hearing the defendant was still serving an aggregate term of incarceration for crimes which included a sexually oriented offense.
 {¶ 8} We reject the defendant's assertion that he had completed serving the sexual offense portion of his sentence by 1989. Accord Statev. Geran, Butler County App. No. CA99-03-054, 2002-Ohio-2599 citing:State v. Anderson, Geauga App. No. 2000-G-2316, 2001-Ohio-7069; State v.Walls (Nov. 21, 2001), Cuyahoga App. No. 79196; and State v. Michaels
(Dec. 8, 1999), Summit App. No. 18862. Having determined that the defendant was in fact still serving an aggregate sentence for a sexually oriented offense, we find that the trial court's order that he comply with the registration requirements under R.C. 2950 was proper. We therefore overrule the defendant's sole assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and COLLEEN CONWAY COONEY, J., concur.