{¶ 1} Defendant-Appellant Todd Thompson filed an application for delayed reopening of his appeal. Because he failed to establish good cause for his untimely filing, this application is denied.
 {¶ 2} On April 8, 1997, appellant severely beat his girlfriend, Annette Bingham. An ambulance arrived after the beating, but Annette refused treatment. The ambulance was recalled a couple hours later to transport Annette to the hospital where she was examined and released. No CAT scan was performed, but she was told to follow up with her family physician. Two days later, she returned to the hospital. When a CAT scan showed brain swelling, she was life-flighted to Pittsburgh. On April 14, 1997, Annette died of severe cerebral edema due to blunt force trauma to the head. Appellant was indicted on charges of aggravated murder and felonious assault. A jury trial commenced on June 23, 1997. The jury found appellant guilty of non-aggravated murder and felonious assault. Appellant was sentenced to consecutive sentences of eight years and fifteen years to life. A timely appeal followed resulting in our decision in State v. Thompson (Nov, 18, 1999), 7th Dist. No. 97 JE 40.
 {¶ 3} Appellant's attorney set forth three assignments of error on appeal. The first assignment of error argued that certain testimony was inadmissible hearsay. We determined that the testimony was admissible under the excited utterance exception. The second assignment of error alleged that the court incompletely instructed on voluntary manslaughter. We determined a lack of prejudice because appellant was not entitled to a voluntary manslaughter instruction in the first place. The third assignment of error contended that the verdict was against the weight of the evidence. Under this assignment, appellant first argued that he was too intoxicated to form the requisite intent for murder. We sustained the jury's refusal to find that intoxication negated his intent. Appellant also argued that the hospital committed medical malpractice when it released Annette on April 8, 1997 and thus an intervening force removed his assault from being the cause of Annette's death. We stated that the jury could properly believe the physician who testified that he does not believe that a CAT scan on April 8 would have revealed the swelling. We set forth the general rule that a defendant is responsible for a victim's death regardless of whether different or more skillful medical treatment may have saved the victim's life. State v.Johnson (1978), 56 Ohio St.2d 35, 40. We also noted that there was no evidence of gross medical malpractice which could be an exception to the general rule if it is established to be an independent, intervening cause. As aforementioned, our decision was released on November 18, 1999.
 {¶ 4} Appellant filed a motion for delayed reopening on February 12, 2003. He alleges that his appellate counsel, who was also his trial counsel, was ineffective. Specifically, he states that on May 30, 1997, his attorney filed a motion for authority to hire a medical doctor to aid in his defense. He claims that the court never ruled on this motion and thus he never received an expert to rebut or clarify the medical testimony. Thus, he argues that the trial court committed plain error when it failed to rule on the motion, that he was entitled to an appointed expert, and that his attorney was deficient in failing to ensure the motion was ruled upon and failing to assign the lack of an appointed expert as error on appeal.
 {¶ 5} A criminal defendant may apply for reopening of his direct appeal based upon a claim of ineffective assistance of appellate counsel. App.R. 26(B)(1). The application must be filed within ninety days of the appellate decision unless the applicant shows good cause for a later filing. App.R. 26(B)(1), (2)(b). See, also, App.R. 14(B). The application for reopening shall not exceed ten pages. App.R. 26(B)(4). The court shall grant the application for reopening if there is a genuine issue as to whether the applicant was deprived of effective assistance of counsel on appeal. App.R. 26(B)(5).
 {¶ 6} Appellant filed a nineteen-page application for reopening and seeks an instanter waiver of the page limitation. Appellant's application sets forth two proposed assignments of error, both of which revolve around the same issue. There is no need for an additional nine pages in this case. Regardless, App.R. 26(B)(4) does not provide for extensions of the page limit. Cf. App.R. 19(A).
 {¶ 7} Moreover, appellant filed his application three and one quarter years after our decision was released, which is three years late. See State v. King (Oct. 1, 2002 J.E.), 7th Dist. No. 00 JE 15 (stating that an evaluation of good cause for an untimely filing often begins by noting the degree of untimeliness). Thus, before we can even begin to review whether there is a genuine issue concerning the effectiveness of appellate counsel, we must evaluate whether there exists good cause for the untimely filing.
 {¶ 8} In support of his allegations of good cause, appellant claims the following facts. He unsuccessfully filed a motion for discovery and production of records on February 18, 1998 and a motion for transcripts and judgment entries on November 17, 1998. His mother purchased a partial transcript on January 29, 1999. He finally got his case file from his attorney on June 23, 2000, but it was an incomplete copy. His attorney died on July 8, 2000. He asked his friend to seek the complete copy of the attorney's file from the deceased attorney's partner. His friend found out on April 20, 2002, that the partner destroyed the old files. "It was at that time I decided to proceed with my Application to Reopen with what limited legal documentation I've obtained." Still, his affidavit was not signed until January 7, 2003, and his petition was not filed until February 12, 2003.
 {¶ 9} Good cause has not been established. Firstly, when he filed his motions for portions of the record in the trial court in 1998, the trial court advised him that the appellate court had the file and transcript. Thus, he could have asked this court to make the file available at the prison for his inspection. However, he filed no such requests in this court. Secondly, he does not explain how the attorney's file was incomplete or why it was necessary over the actual court file. Thirdly, he admits that he decided to seek reopening in April 2002. Thus, even if he had good cause at that time, there is no indication of good cause to file ten months after that decision was made. See King
J.E., citing State v. Dennis (1999), 86 Ohio St.3d 210, 202 (where we held that good cause is not present at a point in the future merely because it may have been present at a time in the past). Further, the fact that he did not receive expert assistance (and that his motion may not have been ruled upon) was apparent to him at the time of trial and thereafter. Finally, we note that the possibility that an argument may have merit does not assist in meeting the burden to demonstrate good cause for an untimely filing.
 {¶ 10} For the foregoing reasons, we cannot address whether appellant presents a genuine issue of ineffective assistance of counsel as this application for delayed reopening is denied as it has been untimely filed without a showing of good cause.
Vukovich, Donofrio and DeGenaro, JJ., concur.