OPINION
Kent Echols ("Echols") appeals from a judgment of the Greene County Court of Common Pleas, which found him guilty of the illegal use of a minor in a nudity-oriented material or performance in violation of R.C. 2907.323(A)(1) and classified him as a sexual predator.
The record reveals as follows. Kent and Tammy Echols were married in 1992. Two sons were born as issues of the marriage. Ms. Echols also had a son named Paul France.
In July 1998, while the Echols were in the process of obtaining a divorce, Ms. Echols found a videotape in a box in Echols' den. The videotape had been pulled out and stretched from the cassette cartridge. She took the videotape to a local electronics store, where it was repaired and installed into a new cassette cartridge. The videotape depicted a juvenile male, "S," naked and stimulating himself.
Ms. Echols contacted the Xenia Police Department regarding the videotape on August 1, 1998. Police investigation revealed the following.
Echols was S's weightlifting instructor and had been his softball coach, and S was a friend to France. On November 20, 1997, when S was ten years old, he was visiting France when Echols encouraged him to submit to a "fat test," as he had previously done many times. Echols instructed S to go into the den, to remove his clothing, and to put baby oil all over his body. After several minutes, Echols instructed S to towel off, put on a pair of shorts, and come out of the den to get the "fat test" performed. Meanwhile, France had been instructed to go into a downstairs bathroom to prepare for his own "fat test" and to await further instructions. France left the bathroom before Echols told him to exit, however, and France observed Echols in France's bedroom with the lights out. Echols appeared to France to be looking at a light switch in France's bedroom. When France questioned Echols about his actions, Echols explained that he had been cleaning. While investigating, the police discovered that the light switch box that Echols had been looking at was loose and that it could be swung aside to see into his den.
Echols was indicted on October 1, 1998 for violating R.C.2907.323(A)(1). At trial, S testified that, while he had been in the den awaiting his "fat test," he had seen a hole in the den wall with a small red light, but he denied any knowledge that he was being videotaped. S also denied that he had been stimulating himself and maintained that he had just been covering himself.
After a jury trial, Echols was found guilty. The trial court sentenced him to seven years incarceration on June 1, 1999, but stayed his transportation to the correctional institution pending a sexual predator hearing. On July 30, 1999, a sexual predator hearing took place. On August 11, 1999, the trial court concluded that the state had proven by clear and convincing evidence that Echols is a sexual predator.
Echols now appeals his sentence and the trial court's determination that he should be classified as a sexual predator. He advances two assignments of error on appeal.
 I. MR. ECHOLS SUFFERED SUBSTANTIAL PREJUDICE WHEN THE STATE IMPROPERLY CHARGED HIM UNDER R.C. 2907.323[.]
Echols argues that he "suffered substantial prejudice when the [state] indicted him under the general provision of R.C.2907.323 instead of indicting him under the specific provision of R.C. 2907.08." He also argues that the acts that he was found guilty of committing were not the type of acts that the legislature had intended to prohibit when it passed R.C. 2907.323.
After reviewing the record, we conclude that Echols failed to raise this issue at trial, and thus waived it. See State v. Bays
(1999), 87 Ohio St.3d 15, 32, 716 N.E.2d 1126, 1143.
The first assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN ALLOWING THE SEXUAL PREDATOR HEARING TO BE CONDUCTED AFTER SENTENCING CONTRARY TO R.C. 2950.09(B)(1)[.]
Echols argues that the trial court erred when it held a sexual predator hearing after it had sentenced him. His argument relies on the "mandatory language of R.C. 2950.09(B)(1)" and Statev. Russell (Apr. 3, 1998), Hamilton App. No. C-970275, unreported.
R.C. 2950.09(B)(1) states, in part:
 The judge shall conduct the [sexual predator] hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing[.]
In Russell, the First District Court of Appeals addressed the issue of whether a trial court may hold a sexual predator hearing pursuant to R.C. 2950.09(B)(1) after a defendant has been sentenced. The court stated, "[t]he language in [R.C.2950.09(B)(1)] is mandatory and requires the [sexual predator] hearing to be held prior to, or at the time of, sentencing."Russell, supra. Relying on its ruling in State v. Bellman (Feb. 20, 1998), Hamilton App. No. C-970169, unreported, the Russell
court concluded that a trial court may not hold a sexual predator hearing pursuant to R.C. 2950.09(B)(1) after a defendant has been sentenced. Id.
In Bellman, at the defendant's sentencing, his attorney agreed to delay the sexual predator hearing until the following month. State v. Bellman (1999), 86 Ohio St.3d 208, 209,714 N.E.2d 381, 382. In reviewing Bellman's case on appeal, the First District "sua sponte determined that the trial court [had] lost authority to adjudicate Bellman a sexual predator because it [had] failed to hold the sexual predator hearing prior to sentencing" as required by R.C. 2950.09(B)(1) and vacated the trial court's order adjudicating Bellman a sexual predator. Id.
The Supreme Court of Ohio reversed the First District's ruling on this issue and reinstated the trial court's adjudication of Bellman as a sexual predator. Id. at 211, 714 N.E.2d at 383. The court stated as follows:
 "As a general rule, a statute providing a time for performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure." This is so "unless the object or purpose of a statutory provision requiring some act to be performed within a specified period of time is discernible from the language employed."
 Generally, then, it is only where a statutory time requirement evinces an object or purpose to limit a court's authority that the requirement will be considered jurisdictional. * * *
 [T]he language of R.C. 2950.09(B)(1) "does not establish that its time periods are for anything other than convenience and orderly procedure," and it "does not include any expression of intent to restrict the jurisdiction of the court for untimeliness." The provision, then, is not jurisdictional, and a defendant may waive the requirement in R.C. 2950.09(B)(1) that the sexual predator hearing precede sentencing.
Id. at 210, 714 N.E.2d at 382-383 (quotations and citations omitted).
After informing Echols of his sentence and at the conclusion of Echols' sentencing hearing, the trial judge stated, "It's my understanding that the State has not moved for sexual predator status, is that correct[?]" The prosecutor responded, "State would request a hearing on the matter, Your Honor." At that point, the trial judge said, "Counsel approach" and a conference was held at the bench off the record. The judge then stated on the record, "Pursuant to the request of the State, the Court is going to set the matter down for a sexual predator hearing in approximately 7 to 10 days." Echols did not object to the delayed sexual predator hearing at that time. Echols' attorney did object to the delay, however, at the beginning of the sexual predator hearing.
Unlike the facts of Bellman, neither Echols nor his attorney waived the requirement in R.C. 2950.09(B)(1) that the sexual predator hearing precede the sentencing. The supreme court's decision in Bellman makes it clear, however, that the statute's requirement that the sexual predator hearing precede the sentencing is merely directory, not mandatory. Further, theBellman court stated that the time requirement in the statute is not jurisdictional, so the trial court did not lose its jurisdiction to hold the sexual predator hearing after it sentenced Echols. We conclude that although the trial court did err when it sentenced Echols before conducting the sexual predator hearing, such error was harmless, because the statutory time requirement in R.C. 2950.09(B)(1) is merely directory and the trial court still had jurisdiction to hold the sexual predator hearing. See Crim.R. 52(A). Furthermore, no prejudice was apparent as a result of the postponement of the sexual predator hearing. The second assignment of error is overruled.
The judgment of the trial court will be affirmed.
GRADY, P.J. and YOUNG, J., concur.