OPINION
Appellant, Matthew Staples, appeals a decision of the Lake County Court of Common Pleas finding him to be a sexual predator.
On January 11, 1991 appellant was sentenced to six months incarceration for one count of receiving stolen property, Lake County Case No. 90-CR-427, and six months for one count of unauthorized use of a motor vehicle, Lake Case No. 90-CR-085. On February 14, 1991, appellant was sentenced to ten to twenty-eight years for three counts of aggravated burglary and two counts of theft, including a three year term for a gun specification to be served first, in Geauga County Case No. 90-C-1180.
On July 27, 1993, appellant entered a written plea of guilty to one count of gross sexual imposition ("GSI"), in violation of R.C. 2907.05, a felony of the third degree. On July 30, 1993 appellant was sentenced to a term of one and one-half years in prison, to be served concurrently with the prison terms for the earlier three cases. A sexual predator determination hearing was scheduled in 1998.
Prior to the scheduled sexual predator determination, appellant filed a motion to dismiss on the grounds that such a hearing would violate: the prohibition against ex post facto laws; appellant's constitutional right to due process; and, the prohibition against cruel and unusual punishment. The trial court denied his motion. Appellant filed a supplemental motion to dismiss arguing that the trial court lacked jurisdiction to conduct the sexual predator determination hearing. The court denied appellant's motion and rescheduled the sexual predator determination hearing.
Appellant was found to be a sexual predator pursuant to R.C. Chapter 2950. Appellant filed a notice of appeal and now seeks a reversal. Appellant has raised seven assignments of error: five constitutional challenges to the law; a jurisdictional challenge; and a manifest weight claim:
 "[1.] The Lake County Court of Common Pleas lacked jurisdiction to hold a sexual predator hearing, thus the hearing violated the defendant-appellant's right to due process.
 "[2.] R.C. 2950.09 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because appellant's fundamental rights have been impaired.
 "[3.] R.C. 2950.09 (C) is unconstitutionally vague, thus denying defendant-appellant due process of law.
 "[4.] R.C. 2950.09(C) is sufficiently punitive in nature to constitute cruel and unusual punishment.
 "[5.] R.C. 2950(C) is unconstitutional on the basis of double jeopardy.
 "[6.] The trial court committed reversible error by holding that R.C. 2950.09(C) was not violative of the ex post facto clauses of the United States Constitution.
 "[7.] The finding that defendant-appellant is a sexual predator was against the manifest weight of the evidence."
 Appellant pleaded guilty to GSI, a sexually oriented offense, in violation of R.C. 2907.05, prior to January 1, 1997. At the time the department of rehabilitation and corrections recommended that appellant be adjudicated a sexual predator, he was serving a prison term for aggravated burglary and theft, including a gun specification, offenses that are not sexually oriented. We must determine whether R.C. 2950.09(C)(1) confers jurisdiction to the trial court, under these circumstances.
R.C. 2950.09(C(1), provides in part:
 "If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator."
 In appellant's first assignment of error, he contends that, because he had completed the sentence for the sexually oriented offense and was serving a sentence for crimes committed in Geauga County, the Lake County Court of Common Pleas lacked jurisdiction to conduct the hearing. Appellee argues that, while R.C. 2950.09(C)(1) mandates that an offender be "serving a term of imprisonment in a state correctional institution," it does not require that the term be for a sexually oriented offense.
Pursuant to R.C. 2950.09(C)(1), the court that sentenced the offender for the sexually oriented offense has jurisdiction to conduct a sexual predator determination hearing. See State v. McIntire (Dec. 16, 1998), Lorain App. No. 97-CA-006946, unreported, 1998 Ohio App. LEXIS 4907 at *465. The plain language of R.C. 2950.09(C)(1) permits this provision "to be applied to an offender imprisoned, without any qualification ofthe basis of the imprisonment, on their effective date, January 1, 1997." [Emphasis added]. State v. Benson (Aug. 28, 2000), Butler App. No. CA 99-11-194, unreported, 2000 Ohio App. LEXIS 3862, at *10; citing Statev. Johnson (Sept. 24, 1998), Franklin App. Nos. 97APA12-1585 and 97APA12-1589, unreported, 1998 Ohio App. LEXIS 4450. Since the Lake County Court of Common Pleas sentenced appellant for the sexually oriented offense, and appellant had not yet been released from the incarceration during which he served his sentence for the sexual offense, it had jurisdiction to hold the sexual predator determination hearing.
While the Lake County Court of Common Pleas retained jurisdiction to hold a sexual predator classification hearing and could properly adjudicate appellant a sexual predator, appellant could not be required, upon release, to register as a sexual predator. The duty to register, pursuant to R.C. 2950.04(A)(1) and 2950.03(A)(1), is only imposed upon a sexual predator who is, on or after July 1, 1997, serving a term of incarceration for a sexually oriented offense. Appellant's term for GSI had expired in 1994 and, at the time of his adjudication, was serving time for offenses that are not sexually oriented.
Before a properly adjudicated sexual predator can be required to register as such, he must "fit within the plain language of R.C. 2950.04
describing categories of compulsory registrants." State v. Bellman
(August 25, 1999), 86 Ohio St.3d 208, 212. R.C. 2950.04(A) provides, in pertinent part:
 "(A) Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense and who is described in division (A)(1), (2), or (3) of this section shall register with the sheriff of the following applicable described county and at the following time:
 "(1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and if, on or after July 1, 1997, the offender is released in any manner from the prison term, term of imprisonment, or confinement, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.
 "(2) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for a sexually oriented offense on or after July 1, 1997, and if division (A)(1) of this section does not apply, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.
 "(3) If the sexually oriented offense was committed prior to July 1, 1997, if neither division (A)(1) nor division (A)(2) of this section applies, and if, immediately prior to July 1, 1997, the offender was a habitual sex offender who was required to register under Chapter 2950. of the Revised Code, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county."
 Appellant does not fit within R.C. 2905.04(A)(1), because his imprisonment for GSI expired in 1994 and he was not imprisoned for a sexually oriented offense after July 1, 1997. Since appellant was sentenced prior to July 1, 1997, he does not fit under R.C. 2950.04(A)(2), nor does he fit under (A)(3) because he was never adjudicated a habitual-sexual offender and was not required to register under R.C. Chapter 2950.
R.C. 2950.03(A), provides, in relevant part:
 "A) Each person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense and who has a duty to register pursuant to section 2950.04 of the Revised Code shall be provided notice in accordance with this section of the offender's duty to register under that section, the offender's duty to provide notice of any change in the offender's residence address and to register the new residence address pursuant to section 2950.05 of the Revised Code, and the offender's duty to periodically verify the offender's residence address pursuant to section 2950.06 of the Revised Code. The following official shall provide the notice to the offender at the following time:
 "(1) Regardless of when the offender committed the sexually oriented offense, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement, and if, on or after January 1, 1997, the offender is serving that term or is under that confinement, the official in charge of the jail, workhouse, state correctional institution, or other institution in which the offender serves the prison term, term of imprisonment, or confinement, or a designee of that official, shall provide the notice to the offender before the offender is released pursuant to any type of supervised release or before the offender otherwise is released from the prison term, term of imprisonment, or confinement."
 In State v. Bellman, supra, the Ohio Supreme Court noted that there is a gap in the coverage of R.C. 2950.04. Appellant falls within this gap created by the statute. "The gap created by the statute may have been legislative oversight, but we may only interpret the legislation, not supply its omissions." State v. Riley
(April 6, 2001) Hamilton App. No. C-000081, unreported, 2001 Ohio App. LEXIS 1607, at *14. "Therefore, where a defendant was both sentenced for a sexually oriented offense and released prior to July 1, 1997, and was not previously required to register under R.C. Chapter 2950, that defendant cannot be required to register under R.C. 2950.04." Bellman, supra, at 212.
Although appellant was properly adjudicated a sexual predator under the statute, he has no duty to register because he does not fit within the plain language of R.C. 2950.04. Thus, appellant's first assignment of error has merit.
In the second assignment of error, appellant contends that R.C. Chapter 2950 constitutes a denial of his constitutional right to due process and must be held unconstitutional under strict scrutiny because it impairs his fundamental rights to liberty and privacy. He also argues that the sexual predator statute denies him equal protection of the law.
The Supreme Court of Ohio expressly rejected the argument that R.C. 2950 improperly impinges an offender's fundamental rights in State v.Williams (2000), 88 Ohio St.3d 513, wherein the court held that Ohio's sexual predator laws do not improperly infringe upon an offender's rights to privacy, the acquisition of property, the ability to pursue an occupation, or a favorable reputation. The Williams decision also rejected the argument that R.C. 2950 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. 88 Ohio St.3d at 529-531.In the third assignment of error, appellant asserts that R.C. 2950.09(C) is unconstitutionally vague. Specifically, appellant argues that the statute fails to provide specific guidelines as to the burdens of proof and as to the threshold at which an offender may be adjudicated a sexual predator. These arguments were also rejected inWilliams, supra, wherein the court established that the burden of proof lies with the state and found nothing impermissibly vague about the "clear and convincing" standard. Id. at 533-534.
In the fourth assignment of error, appellant argues that R.C. 2950 constitutes cruel and unusual punishment. While the Supreme Court has not specifically addressed the issue of whether the registration, verification, and notification requirements of Ohio's sexual predator statutes constitute cruel and unusual punishment, in State v. Cook
(1998), 83 Ohio St.3d 404, 420, the court stated that these requirements were only remedial in nature; not punitive. In light of this characterization, this court has held that the prohibition against cruel and unusual punishment has no application to Ohio's sexual offender laws. See State v. Wheeler (July 28, 2000) Lake App. No. 99-L-095, unreported, Ohio App. LEXIS 3395 at *7-8; State v. Strickland, (Dec. 22, 2000), Lake App. No. 98-L-013, unreported, Ohio App. LEXIS 6089 at *3.
In the fifth assignment of error, appellant contends that R.C. 2950 is unconstitutional on the basis that it violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Supreme Court of Ohio rejected this argument in Williams, supra, based on its conclusion that sexual offender proceedings are not criminal in nature.
In the sixth assignment of error, appellant argues that R.C. Chapter 2950 violates the Ex Post Facto Clause of the United States Constitution. The Supreme Court of Ohio rejected this argument in Cook,supra, after determining that the sexual predator statutes served a remedial purpose and were not punitive in nature.
In the seventh assignment of error, appellant asserts that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence.
A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Before adjudicating the offender as a sexual predator, the trial court must determine by clear and convincing evidence that the offender is a sexual predator; i.e. that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.09(C)(2)(b).
"[T]he trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." State v. Eppinger (Mar. 28, 2001), 91 Ohio St.3d 158, 166. Thus, the trial court must weigh all the relevant factors, including an offender's efforts at rehabilitation, when determining whether an offender is likely to engage in future sexually oriented offenses. R.C. 2950.09(B)(2)(f).
"The statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C.2950.09(B)(2) in making his or her findings." Cook, 83 Ohio St.3d at 46. Even though, pursuant to Cook, the trial court was not required to list all of the relevant factors, we suggest that the trial court specify, on the record, its findings that support labeling appellant a sexual predator. State v. Wantz, (Dec. 29, 2000), Geauga App. No. 99-G-2216, unreported, 2000 Ohio App. LEXIS 6195, at *3.
R.C. 2950.09(B)(2) provides:
 "In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavior characteristics that contribute to the offender's conduct."
 In the instant case, the court determined that appellant was a sexual predator after it found the following factors, set forth in R.C. 2950.09(B)(2), weighed against appellant: (a) the offender was twenty-five years-old at the time of the offense; (b) the offender had a lengthy criminal record; (c) the victim was eight years-old at the time of the offense; (h) the nature of the offender's sexual conduct; (i) the offender made one or more threats of cruelty by threatening to hurt the victim if she ever told; and, (j) the offender stood in the position of "being a parent," in that he lived with the mother of the child and had committed these acts on the same victim, on numerous occasions.
The trial court's decision finding appellant to be a sexual predator is supported by clear and convincing evidence and, thus, is not against the manifest weight of the evidence. The record demonstrates that, on multiple occasions, appellant, then aged twenty-five, committed the crime of gross sexual imposition upon the victim, the then eight year-old daughter of his live-in girlfriend. Appellant did not participate in any rehabilitation programs while incarcerated, because of the minimal number of programs available. Appellant's seventh assignment of error lacks merit.
Based on the foregoing, we conclude that appellant does not fit within the plain language of R.C. 2950.04 and, therefore, has no duty to register as a sexual predator. The judgment of the trial court adjudicating appellant a sexual predator and ordering him to register is reversed, and this case is remanded with instructions to the Lake County Court of Common Pleas to vacate its October 2, 1998 entry.
JUDGE ROBERT A. NADER, FORD, P.J., CHRISTLEY, J., concur.