DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Ottawa
 {¶ 2} County Court of Common Pleas. The facts giving rise to this appeal are as follows.
 {¶ 3} On January 30, 2001, a bill of information was filed charging appellant, Joseph Elder, with one count of sexual battery and one count of attempted sexual battery. The alleged victim was appellant's minor daughter. On February 13, 2001, appellant entered guilty pleas to both charges. The court found him guilty and sentenced him to five years in prison for the charge of sexual battery and eighteen months in prison for the charge of attempted sexual battery. The sentences were ordered served consecutively. Appellant was also adjudicated a sexual predator pursuant to R.C. 2950.01(E). Appellant now appeals setting forth the following assignments of error:
 {¶ 4} "I. It constituted error not to include the finding that appellant was determined to be a sexual predator in the judgment of sentence and conviction.
 {¶ 5} "II. The classification of appellant as a sexual predator is unsupported by the record.
 {¶ 6} "III. The classification of appellant as a sexual predator is against the manifest weight of the evidence.
 {¶ 7} "IV. It constituted error not to provide appellant with the notice required by Ohio Revised Code Section 2950.03(A)(2) at the time of sentencing.
 {¶ 8} "V. It constituted error not to complete the hearing to determine whether appellant is a sexual predator at the time of sentencing.
 {¶ 9} "VI. The proceedings undertaken to classify appellant as a sexual predator were conducted in a manner contrary to law.
 {¶ 10} "VII. It constituted error to impose maximum sentences upon appellant.
 {¶ 11} "VIII. It constituted error to impose consecutive sentences upon appellant."
 {¶ 12} In his first, fourth, fifth and sixth assignments of error, appellant challenges the procedure employed in classifying him a sexual predator. Appellant's arguments can be summarized as follows: (1) the court erred in not classifying appellant a sexual predator before sentencing and (2) the court erred in issuing two separate judgment entries rather than specifying appellant's predator determination in his judgment entry of sentence.
 {¶ 13} R.C. 2950.09(B)(1) provides that a sexual predator hearing shall be conducted "prior to sentencing." R.C. 2950.03(B)(3) provides in pertinent part: "[I]f the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *" R.C. 2950.03(A)(2) provides that a defendant classified as a sexual predator shall be notified of his duty to register as a sexual predator at the time of sentence.
 {¶ 14} At appellant's sentencing on May 2, 2001, the trial judge stated: "[A]s I have in previous cases, I will consider as evidence for the purposes of this classification hearing the pre-sentence investigation and the evaluation done by the Court Diagnostic and Treatment Center * * * In addition, the court will consider for purposes of the sexual classification, the testimony taken at the trial herein, which commenced December 5th of the year 2000." Appellant's defense attorney stated that the only evidence he intended to rely upon was the presentence investigation and the Court Diagnostic evaluation. The trial judge responded: "All right. Fine. I will consider the matter of the classification submitted. I will render my opinion in writing and [the parties] will be notified. We will proceed to sentencing now."
 {¶ 15} We will first address appellant's argument that the court erred in failing to classify appellant a sexual predator before sentencing him. The Ohio Supreme Court has held that the statutory requirement that the determination hearing be conducted prior to sentencing is directory rather than mandatory in nature. State v.Bellman (1999), 86 Ohio St.3d 208, 210-11. R.C. 2950.09(B)(1) "`does not establish that its time periods are for anything other than convenience and orderly procedure,' [citations omitted] and it `does not include any expression of intent to restrict the jurisdiction of the court for untimeliness.' [citations omitted]." Consequently, a defendant may waive the requirement in R.C. 2950.09 that the sexual predator hearing precede sentencing. Id. See, also, State v. Fox, 6th Dist. No. L-02-1154,2003-Ohio-484.
 {¶ 16} The transcript in this case shows that at the time of appellant's sentencing hearing, the trial judge informed the parties that he intended to pronounce sentence on appellant before reaching a determination on his status as a sexual predator. Appellant's counsel did not object. On May 4, 2001, the court filed a judgment entry finding appellant to be a sexual predator. On May 15, 2001, a hearing was held to provide notice to appellant pursuant to R.C. 2950.03(A)(2). The transcript of this hearing shows that after the judge complied with the statute's notice requirements, he offered appellant's counsel an opportunity to make a statement for the record. Counsel objected to the fact that appellant was sentenced before he was classified as a sexual predator. In support, counsel cited State v. Bellman, supra.
 {¶ 17} We conclude that the court did not err in sentencing appellant before classifying him a sexual predator. Appellant was informed by the judge that he intended to sentence appellant before making a determination as to his sexual predator status. Appellant did not object. On the authority of State v. Bellman, we find that appellant waived the requirement that a sexual predator hearing precede sentencing. We recognize that appellant's counsel registered an objection on the record approximately two weeks after the court sentenced appellant. Curiously, counsel cited State v. Bellman for the proposition that the court erred in sentencing appellant before conducting a sexual predator hearing. Even if we assumed that counsel's May 15 objection was timely, his reliance on Bellman is flawed given the fact that appellant registered no objection to the procedure on May 2, 2001.
 {¶ 18} Next, we consider appellant's argument regarding the two separate judgment entries. As discussed above, R.C. 2950.09(B)(3) instructs the judge to specify that an offender has been determined to be a sexual predator in the offender's judgment entry of sentence. In this case, the record contains two judgment entries. One judgment entry, journalized May 4, 2001, contains the court's ruling that pursuant to the factors listed in R.C. 2950.09(B) there was clear and convincing evidence that appellant is a sexual predator. Another judgment entry, journalized May 10, 2001, contains appellant's sentence. Appellant argues that the existence of two separate judgment entries, one containing the convictions and sentences and the second containing the ruling that he is a sexual predator, rather than one judgment entry containing all of the rulings, renders the finding that he is a sexual predator void. We find that accepting appellant's arguments under the circumstances of this case would elevate form over substance. While it would have been better form for the trial court to enter all of its rulings in one judgment entry, we can discern no prejudice to appellant when the trial court did issue all of the rulings in writing and did make the necessary recitation of the factors and statute sections it relied upon to reach its rulings. Accordingly, appellant's first, fourth, fifth and sixth assignments of error is found not well-taken.
 {¶ 19} In his second and third assignments of error, appellant contends that the record does not support appellant's classification as a sexual predator. Specifically, appellant contends that the record does not support a determination that appellant "is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 20} R.C. 2950.01(E) states: "`Sexual predator' means a who: (1) has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The factors relevant to the offender's likelihood of recidivism include the offender's age and mental illness or instability; his prior criminal record and completion of a sentence for any prior conviction; his participation in available sex-offender programs while under sentence for a prior sex offense; the victim's age and whether the sexually-oriented offense involved multiple victims; the nature of the offender's sexual interaction with the victim and whether it was part of a demonstrated pattern of abuse; the offender's display or threat of cruelty in committing the offense; his use of drugs or alcohol to impair the victim's resistance; and any additional behavioral characteristicsof the offender that contributed to his conduct. See R.C. 2950.09(C)(2) and2950.09(B)(2)(a) through (j).
 {¶ 21} In the judgment entry finding appellant to be a sexual predator, the court emphasized appellant's abuse of alcohol as a factor leading to his likely recidicsm. At trial, the victim described an incident in which her father came home drunk and assaulted his wife. The record shows that appellant has twice been convicted of driving while intoxicated and that appellant has a history of alcohol abuse going back to his years as a juvenile. Accordingly, we find that the evidence of appellant's alcohol abuse was properly considered as an "additional behavioral characteristic" contributing to his likely recidivism. Appellant's second and third assignments of error are found not well-taken.
 {¶ 22} In his seventh assignment of error, appellant, who had never served a prison term, contends that the judge erred in imposing maximum sentences. First, appellant contends that the court did not expressly make the findings required by R.C. 2929.14(B). The version of R.C. 2929.14(B) in effect at the time of appellant's sentencing stated in pertinent part: "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." The Supreme Court of Ohio has held that R.C. 2929.14(B) does not require that the trial court give its reasons for finding that either of the two factors exist before it can lawfully impose more than the minimum authorized sentence, but concluded that "the verb `finds' as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." State v. Edmonson (1999),86 Ohio St.3d 324, 326.
 {¶ 23} This court has carefully reviewed the transcript of the sentencing hearing and the trial court's judgment entry of sentence and we find that the trial court did consider the factors set forth in R.C.2929.14(B) which justify deviating from the minimum sentence. In the judgment entry of sentence, the judge first found that consecutive sentences were necessary "as the harm in this case is so great a single term would not be adequate to address the seriousness of this crime and would therefore demean the seriousness of this offense." The judge then addressed the issue of maximum sentences and incorporated its previous findings which included the finding that a shorter sentence would demean the seriousness of the crimes. We therefore find that the judge complied with R.C. 2929.14(B) in sentencing appellant to maximum sentences.
 {¶ 24} Appellant further contends that the court did not properly balance the seriousness and recidivism factors of R.C. 2929.12. Specifically, appellant contends that the judge placed undue emphasis on appellant's prior convictions for driving while under the influence of alcohol in finding that appellant is likely to commit future crimes. One of the R.C. 2929.12(D) recidivism factors is as follows: "[T]he offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse."
 {¶ 25} As discussed in appellant's second and third assignments of error, the record contains evidence of appellant's problem with alcohol going back many years. Accordingly, we find that the judge's finding pursuant to R.C. 2929.12(D) is supported by the record. It follows that the court did not err in sentencing appellant to maximum sentences and appellant's seventh assignment of error is found not well-taken.
 {¶ 26} In his eighth assignment of error, appellant contends that the court erred in sentencing him to consecutive terms. R.C. 2929.14(E)(4) states: "[I]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: * * * (b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. * * *."
 {¶ 27} In the present case, the judge stated in the judgment entry of sentencing that appellant's incarceration was "necessary to adequately punish the defendant and protect the public in this case defendant's daughter." At the sentencing hearing, the judge stated that "[T]he sentence of incarceration would be commensurate with, and not demeaning to the seriousness of the offender's conduct, and it is consistent with other sentences in this court for similar crimes by similar offenders." In the judgment entry of sentence, the judge stated that "[C]onsecutive terms are necessary as the harm in this case is so great a single term would not be adequate to address the seriousness of this crime and would therefore demean the seriousness of this offense." Based on our review of the judgment entry of sentence as well as the transcript of the sentencing hearing, we conclude that the trial court did not err in sentencing appellant to consecutive sentences. Appellant's eighth assignment of error is found not well-taken.
 {¶ 28} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Common Pleas Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
Handwork, P.J., and Pietrykowski, J., concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.